Gardenia Lydia KALIGIS, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73468.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 8, 2004.

Kaaren L. Barr, Esq., Attorney at Law, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS—District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Gardenia Lydia Kaligis, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000). We deny the petition for review.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Kaligis did not present sufficient evidence to compel a finding that she suffered past persecution or that she has an objectively reasonable fear of persecution should she return to Indonesia. Kaligis was never physically harmed or targeted on account of her religion, and she has failed to show that the hardships of which she complains are the result of anything more than general conditions of unrest. *See Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998). Moreover, as the IJ noted, Kaligis' family continues to live in Indonesia without incident. *See Aruta v. INS,* 80 F.3d 1389, 1395 (9th Cir.1996).

Because Kaligis failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Kaligis' Convention Against Torture claim also fails because she has not shown it is "more likely than not" that she will be tortured if returned to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Kaligis' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issue of the mandate.

**PETITION FOR REVIEW DENIED.**